THOUVENIN & CHASSAIGN vs. LEWIS HELZLE — Appeal from Liberty County.

An averment in an answer which is not responsive to the petition is not taken as true until disproved. It must be proved, to render it available to the party making it.

TAYLOR for appellants.

J. W. HENDERSON for appellee.

Mr. Justice LIPSCOMB delivered the opinion of the court.

The object of the petition in this case was to obtain an injunction. It is alleged in the petition that the appellants, and one A. A. Cardet, then deceased, were members of a firm; that the defendant, Helzle, was in the employment of the firm; and that on the 15th day of October, 1841, one of the appellants, Thouvenin, paid the defendant one hundred and fifty dollars in cash, and gave him a draft on New Orleans at ten days sight, for four hundred more, in payment of the entire amount due to the said defendant for his services to the firm, and that he had not rendered any service since; that Chassaign, the other plaintiff, was not in the republic at the time this transaction took place, and was wholly ignorant of the same; that on his return to the republic, being so in ignorance of the settlement made by his partner, Thouvenin, he was induced by the defendant to give the note of the firm to him for four hundred and eighty-four dollars, and afterwards confessed judgment for the amount.

The receipt of the defendant, given to Thouvenin, is made on exhibit to plaintiff's petition, and is as follows: "Rec'd,

Liberty, 15 Oct'r, 1841, from A. Thouvenin, one hundred and fifty dollars in cash, and a draft of four hundred at ten days sight, on T. Benoit, of New Orleans, being on account of salary due me by A. Cardet, J. Chassaign and A. Thouvenin."

(signed)                              "L. HELZLE."

The answer of the defendant admits the receipt, as charged in the bill, but denies that he received any money, but avers that he received the note of Thouvenin, on demand, for one hundred and fifty dollars and the draft. He denies, however, that the note and draft were received in payment, but that it was at the instance and request of Thouvenin, who wished to create a claim against his deceased partner, Cardet, on whose estate he wished to administer; denies having any interest or claim to the note and draft, and avers a readiness to surrender, if he can obtain his receipt. He alleges that Thouvenin attended court the term at which Chassaign confessed judgment.

A witness for the plaintiffs swore on the trial, that Thouvenin returned to this country on Sunday before the commencement of the term of the court at which the judgment was confessed; that he saw him at the court house on Monday, but that he went home sick, and he did not see him there the balance of the term. It is stated by the judge, that the defendant admitted on the trial, that Cardet died by suicide on the 18th day of October, three days after the date of the receipt given to Thouvenin.

There does not appear to have been a jury impaneled. The judge heard the bill, answer, and the testimony, and dissolved the injuction, and dismissed the bill at the plaintiffs' costs, from which an appeal was taken to this court.

The petition is very defective in several respects, not only in its structure, but also in its verification; in the latter, perhaps, essentially so, had the exception been taken.

The most material facts stated, from which the plaintiffs' equity is supposed to arise, were clearly better known to the other plaintiff, Chassaign, than to his co-plaintiff, Thouvenin, and yet they are verified by the affidavit of the latter. Had the fact that Chassaign was better enabled than his co-plaintiff,

to say under what circumstances he had given the note of the firm to the defendant, and afterwards confessed judgment, been noticed by the district judge when the application was made for the injunction, it is not likely that it would have been granted; and, if the exception had been made before the answer, there can be no doubt but the petition would have been dismissed; or the plaintiffs would have been required to amend, on such terms as the court might have allowed.

The exception, however, was not taken, and the defendant by answering, in my opinion, waived it. To proceed — The most material ground for relief in the petition is, that the note was given and judgment confessed by Chassaign, in ignorance of the settlement made by his co-plaintiff, and the receipt of the defendant. An attempt has been made to raise a presumption of notice, from the fact, alleged in the answer, that Thouvenin was in attendance on the court when the judgment was confessed. This is perhaps rebutted by the witness, who testified on the trial that Thouvenin had only returned to the country on the day before the court commenced, and that he saw him at the court-house on Monday, the first day of the term; that he left for home, sick, and he did not see him there afterwards.

The answer of the defendant admits his receipt, but alleges that it was given for a different purpose from what, in its terms, it purports. But his averment is not supported by evidence, and his answer, as to the matter of avoidance of the effect of his receipt, is not responsive to the petition; and even if it was, it could not avail him as proof, because his admission, on the trial, puts the seal of condemnation on the truth of his answer. He says that the receipt was intended to enable Thouvenin to raise a claim against A. Cardet, and thereby give him a claim to administer on the estate of Cardet. On the trial, he admits that Cardet died by suicide, after the date of the receipt: thus falsifying his answer.

It appears to me, that the receipt of the defendant remained in the court below wholly unimpeached. If so, he should surely have been called upon to show some good reason why it ought not to be allowed as a credit against him. In its face it

purports to have been on account of his salary.  If he had not been able to make it available, after using due diligence, he should have shown it by proof.

It seems to me the court below erred in dissolving the injunction and dismissing the bill, and I believe that this court ought to reverse the decree, and perpetuate the injunction; but that the whole proceedings below are so defective, that I am not satisfied that we have enough before us, to enable us to render the proper decree.

I, therefore, believe the decree should be reversed, the cause remanded with leave to amend the petition and answer, and a rehearing, with a jury to try the facts, if required by either party.  And in this opinion the court unanimously concur.