JAMES E. DOWNES v. A. T. MONROE.

INJUNCTION BOND. When an injunction bond is not sufficient in amount, the court may permit the execution of a new one ; but a judgment perpetuating an injunction on a condition expressed in the judgment, that a sufficient bond should be *thereafter* executed, was error.

APPEAL from Houston. Tried below before the Hon. L. W. Cooper.

Suit instituted by Monroe to restrain by injunction James

[*]Shadlee *v.* The State, appeal from Parker.

E. Downes, as marshal of the town of Crockett, from the collection of a capitation tax, levied by the corporate authorities of the town for the purpose of maintaining and repairing the public streets. The court overruled a motion to dissolve the injunction which had issued. At a latter day in the term, it was ascertained that the injunction bond was insufficient in amount, and thereupon another judgment was rendered, making the injunction perpetual on the plaintiff giving a new bond, sufficient in amount, in twenty days.

*Nunn & Williams*, for appellant.

No counsel marked for appellee.

Reeves, J.   The petition in this case fails to present a statement of the cause of action, with such allegations pertinent to the cause as would be necessary to sustain the plaintiff's suit. It is alleged in the petition that Downes, the defendant in the court below, claiming to be the marshal of the town of Crockett, is exacting and attempting to collect from the plaintiff a tax amounting to five dollars, as a capitation tax for road purposes, while the plaintiff is paying an *ad valorem* tax to the county for road purposes, and alleged by plaintiff to be in violation of the Constitution and laws of the State.

Fraud is charged in general terms, without showing in what the fraud consisted.

It appears, from an entry made on the ninth day of the term, that the injunction was made perpetual, restraining the collection of the tax, after having overruled the defendant's exception. Afterwards, on the twenty-ninth day of the term, the injunction was made perpetual, provided the plaintiff should give bond in the sum of one hundred dollars within twenty days from the date of the order.

The first injunction bond being insufficient in amount, there would have been no error in sustaining the exceptions to the bond and permitting the plaintiff to give a new one, as the defect was in the amount of the bond, if he desired to do so,

before proceeding further with the cause; but the court over-ruled the exceptions, and perpetuated the injunction on the condition of the plaintiff's executing another bond within the time required by the order. This action of the court was erroneous.

The new bond was given, but it did not comply with the requirements of the statute; its conditions are made to depend upon the decision of the Supreme Court in dissolving the injunction, and it cannot be regarded as the proper bond under the statute, if it had been sufficient otherwise, and to sustain the proceedings, it would be in effect to give the plaintiff the benefit of the injunction without bond.

The allegations of the petition are insufficient to entitle the plaintiff to the relief prayed for in his petition, and to that extent the defendant's exceptions should have been sustained.

Without intimating any opinion on the other questions discussed in the brief for appellant, the judgment of the District Court is reversed and the cause dismissed.

Reversed and dismissed.