## J. W. CHERRYHOMES ET AL. V. E. A. CARTER.

(Case No. 5619.)

1. USURY—AFFIDAVIT—Four of five co-defendants answered by a plea of usury, which was sworn to only by the defendant who did not plead it. *Held:* An exception to the plea was properly sustained. (R. S., art. 2981.)

2. SAME—AGENCY—There is no presumption of law that one of several co-defendants is agent for the others to make a defense in which he does not join. When an affidavit is made in the course of a judicial proceeding by one person in behalf of another, his authority should be made to appear from the record, or it will not serve for the oath of the proper party.

APPEAL from Montague. Tried below before the Hon. F. E. Piner. The facts are sufficiently stated in the opinion of the court.

*Stephens, Matlock & Herbert,* for appellants, cited: Constitution of Tex., art. 16, sec. 11; R. S., 2978, 2979; Hemphill *v.* Watson, 60 Tex., 679; Watson *v.* Mins, 56 Tex., 451; Conner *v.* Donnell, 55 Tex., 167.

*C. C. Potter* and *Potter & Hughes,* for appellee, cited: Palmer *v.* Call, 7 Fed. Rep., 737; Tyler on Usury, 170-172.

WILLIE, CHIEF JUSTICE—This cause was submitted to the judge below for determination upon the law and the facts. At the time of

submission there was a demurrer pending to the plea of usury set up by a portion of the defendants. The judge passed upon the validity of this plea, among other matters of law, and held that it was insufficient, because not sworn to by any one wishing to avail himself of the defence of usury. This answer was pleaded by all the defendants except Cherryhomes, as appears from the statement of the answer itself. It was sworn to by Cherryhomes, who not only did not join in the plea, but refused to avail himself of it. The statute is peremptory that "no evidence of usurious interest shall be received on the trial of any cause unless the same shall be specially pleaded, and verified by the affidavit of the party wishing to avail himself of such defence." R. S., art. 2981.

Admitting that under article 5, the affidavit could be made by an agent of the party pleading usury, yet, the present plea does not purport to have been made by Cherryhomes, as agent for his co-defendants, and there is no presumption of law that one defendant is agent for the others to make an answer in which he does not join. When an affidavit is made, in the course of a judicial proceeding, by one person in behalf of another, his authority to do so should be made to appear in some way from the record, or it will not serve in the place of the oath of the proper party.

The statute seems designed for cases like the present where some of the defendants would defend under the usury law, and others decline to do so ; but, as Cherryhomes has not pleaded usury, and hence could not defend the suit on that ground, the effect of holding the plea valid as to his co-defendants, would be to allow such defendants as do not make the oath required by the statutes, to avail themselves of the defence, and to deny it to the one who had supported it by his affidavit.

We think the court did not err in holding the plea bad, and in effect striking out the evidence received under it, and the judgment is affirmed without passing upon the other causes assigned by the judge for rendering his decision in favor of the plaintiff below.

Judgment affirmed.

AFFIRMED.

[Opinion delivered April 20, 1886.]