HOOK et al. v. PAYNE.   (No. 5735.)

(Court of Civil Appeals of Texas.   San Antonio. May 3, 1916.)

INJUNCTION ⊙⟶122—PLEADING—SUFFICIENCY OF VERIFICATION.

In an action for an injunction, where the petition was signed "Pope & Sutherland, Attorneys for Plaintiff," verification by the affidavit of H. R. Sutherland, who did not therein describe himself as the agent or attorney of the plaintiff, in the absence of anything in the petition or affidavit to show that the affiant was a member of the firm was insufficient.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 262–268; Dec. Dig. ⊙⟶122.]

Appeal from District Court, Kleberg County; W. B. Hopkins, Judge.

Action for injunction by W. Payne against T. Wesley Hook and J. S. Scarborough, Sheriff of Kleberg County. Temporary injunction granted, and defendants appeal. Order reversed, and judgment entered, refusing the application, and dissolving the injunction.

T. Wesley Hook, of Kingsville, for appellants.

MOURSUND, J. This is an appeal from an interlocutory order granting a temporary injunction restraining T. Wesley Hook and J. S. Scarborough, sheriff of Kleberg county, from proceeding to sell certain woodworking machinery under an order of sale issued out of the county court of Kleberg county. The injunction was applied for by W. Payne, who alleged that he had purchased said property at a sale made by R. F. Watt, receiver of the Kingsville Planing Mill & Manufacturing Company, a corporation; said sale having

been made under order of the district court of Kleberg county, duly entered in case No. 23, styled Don Payne et al. v. Kingsville Planing Mill & Manufacturing Company, in which case such receiver had been duly appointed. Plaintiff alleged that the sale had been confirmed by said district court, and he had paid the purchase price, but upon appeal the order of confirmation was reversed, and the cause remanded, with instructions to hear evidence on the allegations made in opposition to the confirmation of the sale. He further alleged that another hearing on the matter of confirmation of the sale would not take place until in May, 1916.

We deem it unnecessary to state more fully the allegations of the petition because we conclude that the same is not verified as required by statute, and for that reason the court erred in granting the same. The petition is signed, "Pope & Sutherland, Attorneys for Plaintiff." The affidavit was made by H. R. Sutherland, who does not, in such affidavit, describe himself as either the agent or attorney of the plaintiffs. In the case of Willis v. Lyman, 22 Tex. 268, the Supreme Court, in passing on the sufficiency of an affidavit in a garnishment case, said:

"The petition, in the present case, is signed by 'Fly & Fly, Attorneys for Plaintiffs,' and the affidavit is made by B. F. Fly, who does not, in the affidavit, describe himself as either the agent or the attorney of the plaintiffs. The court cannot know that the person who makes the affidavit is one of the persons who signed the petition as attorneys for the plaintiffs; nor will the court look to the records, in the original suit, to find information which ought to be contained in the affidavit itself."

In the case of Cherryhomes v. Carter, 66 Tex. 167, 18 S. W. 443, the court said:

"When an affidavit is made, in the course of a judicial proceeding, by one person in behalf of another, his authority to do so should be made to appear in some way from the record, or it will not serve in the place of the oath of the proper party."

In this case there is nothing in the petition or affidavit to show that the H. P. Sutherland, who made the affidavit, is the Sutherland who is a member of the firm of Pope & Sutherland, and, therefore, in view of the decisions above mentioned, we hold that the affidavit is not sufficient.

The order of the district judge granting the temporary injunction is reversed, and judgment here entered refusing the application, and dissolving the injunction.