COLLIN COUNTY SCHOOL TRUSTEES et al. v. STIFF et al. (No. 7773.)

(Court of Civil Appeals of Texas. Dallas. Nov. 11, 1916. Rehearing Denied Dec. 16, 1916.)

1. ACTION ⏣➔68—DISMISSAL AND NONSUIT ⏣➔56—PARTIES ⏣➔29—NECESSARY PARTIES.

All parties, plaintiffs and defendants, necessary to the final disposition of the main issue in a suit should be joined therein, and when it

appears that such parties have been omitted, it will require either a dismissal of the suit or a stay of proceedings until such parties can be brought in.

[Ed. Note.—For other cases, see Action, Cent. Dig. §§ 739–743; Dec. Dig. ☞68; Dismissal and Nonsuit, Cent. Dig. §§ 95, 124–128; Dec. Dig. ☞56; Parties, Cent. Dig. §§ 41, 47–49, 51; Dec. Dig. ☞29.]

2. INJUNCTION ☞114(1)—PARTIES—PART SUING ON BEHALF OF ALL.

In a suit to enjoin the redistricting of a county brought by 48 out of 137 districts, being an action to prevent the destruction of the districts which instituted the suit, and incidentally to maintain the status quo of those which are not parties, the remaining districts were not necessary parties, whether they proposed to oppose or support the action.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. § 202; Dec. Dig. ☞114(1).]

3. QUO WARRANTO ☞5—SCHOOLS AND SCHOOL DISTRICTS ☞32—REDISTRICTING—RESTRAINING.

A suit by school districts and taxpayers against the county school trustees to enjoin a redistricting of the county could be maintained as an ordinary suit between the parties, and need not be by a proceeding by quo warranto under the statute to review the acts of the county school trustees.

[Ed. Note.—For other cases, see Quo Warranto, Cent. Dig. § 6; Dec. Dig. ☞5; Schools and School Districts, Cent. Dig. §§ 52–54; Dec. Dig. ☞32.]

4. SCHOOLS AND SCHOOL DISTRICTS ☞32—REDISTRICTING—COMPLAINT—SUFFICIENCY.

In a suit to enjoin the redistricting of a county, a petition, alleging that a county containing 137 districts, each with a sufficient and accessible school, will be divided by defendants into 78 districts without notice to trustee of existing districts, causing children to walk from 2½ to in many cases between 5 and 7 miles to school across impassable country, resulting in a practical denial of school privileges, and that such proposed acts are a gross abuse of authority and a fraud upon rights of plaintiffs, was sufficient basis upon which to grant the relief sought.

[Ed. Note.—For other cases, see Schools and School Districts, Cent. Dig. §§ 52–54; Dec. Dig. ☞32.]

5. SCHOOLS AND SCHOOL DISTRICTS ☞39—REDISTRICTING—APPEAL TO DISTRICT COURT.

Acts 34th Leg. c. 36, section 4a giving the district court general supervisory control over the action of the county board of school trustees in creating, changing, and modifying school districts, is not controlled by section 10 of the act (Vernon's Sayles' Ann. Civ. St. 1914, arts. 4509–4510), providing for appeals from the actions of the trustees, etc., to the state superintendent and thence to the state board of education, but appeals from the action of the school trustees may be made to the district court, since the appeal provided by section 10 has reference to purely administrative and ministerial acts.

[Ed. Note.—For other cases, see Schools and School Districts, Cent. Dig. §§ 68, 69; Dec. Dig. ☞39.]

6. SCHOOLS AND SCHOOL DISTRICTS ☞32—REDISTRICTING—TEMPORARY INJUNCTION.

In a suit to enjoin the redistricting of a county by county school trustees, evidence *held* to sustain a judgment granting an injunction pendente lite.

[Ed. Note.—For other cases, see Schools and School Districts, Cent. Dig. §§ 52–54; Dec. Dig. ☞32.]

7. APPEAL AND ERROR ☞1010(1)—REVIEW—JUDGMENT.

Where the evidence is sufficient to support a judgment of the trial court, the appellate court is without authority to disturb the judgment, as it would in like manner be without authority to disturb the verdict of a jury.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3979–3981; Dec. Dig. ☞1010(1).]

8. APPEAL AND ERROR ☞253 — VERIFICATION OF COMPLAINT—SUFFICIENCY.

The fact that petition for injunction was not properly verified as required by Vernon's Sayles' Ann. Civ. St. 1914, art. 4649, should be raised in the trial court by exception, and failure to except is waiver of the sufficiency of the affidavit.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1485, 1488, 1491–1493; Dec. Dig. ☞253.]

9. INJUNCTION ☞122—VERIFICATION OF COMPLAINT—STATUTE.

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 4649, providing that an injunction shall not be granted unless the applicant shall verify his petition by affidavit in an action by school districts of a county to enjoin redistricting, it being necessary that verifications in injunction proceedings be definite and positive enough to support an indictment for perjury if untrue, the affidavit may be made by any one of the joint applicants cognizant of the facts.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 262–268; Dec. Dig. ☞122.]

Appeal from District Court, Collin County; M. H. Garnett, Judge.

Information by J. H. Stiff and others against the Collin County School Trustees and others, to enjoin a redistricting of school districts in Collin county. From judgment enjoining action by respondents pendente lite, they appeal. Affirmed.

G. R. Smith, of McKinney, for appellants. R. C. Merritt and W. R. Abernathy, both of McKinney, for appellees.

RASBURY, J. This is a proceeding by the county attorney of Collin county in behalf of the state on information by and at the instigation of the trustees of 48 common school districts in Collin county and of certain taxpayers and patrons of the schools in said districts, to enjoin the county school trustees from concluding a proposed and threatened redistricting of such school districts by disestablishing, consolidating, and rearranging the existing districts. Upon hearing in chambers the trial judge enjoined the respondents as prayed pendente lite. From such action this appeal is perfected.

Any necessary statement of the pleadings or of the facts deducible from the evidence will be appended to our discussion of the several assignments of error.

[1, 2] Appellants' first assignment is that the court erred in not sustaining their general demurrer to appellees' petition. The first proposition thereunder is that the petition omits necessary parties. This proposition is bottomed upon the fact, appearing from the petition, that only 48 of the 137

districts joined in the suit. The contention is that all were necessary parties. It is, as contended, the well-settled rule that all parties, plaintiffs or defendants, necessary to the final disposition of the main issue in a suit should be joined therein. When it appears that such parties have been omitted, it "will require either a dismissal of the suit or a stay of proceedings until such party can be brought in." Townes' Texas Pleading, 288. The inquiry then is, Were the other common school districts necessary parties to this proceeding? Appellants maintain they were under authority of Minear et al. v. McVea et al., 185 S. W. 1048. We are persuaded, however, that that case is without application in this proceeding. The purpose sought in the case cited was to enjoin the collection of certain taxes. Those taxes were levied in order to create a sinking and interest fund, as well as to supplement the state school fund to defray the expense of a school for a common school district created prior to the levy of the tax and the commencement of the suit. The ground upon which the collection of the tax was sought to be enjoined was that the common school district had not been created and established in the manner provided by law. The suit was against the county judge and the county commissioners, who at that time were clothed with authority to create common school districts, while now that authority rests with the county school trustees. General Laws, 34 Leg. c. 36. It was held that since the purpose was the destruction of the common school district and since it was a body corporate, the trustees were necessary parties. The purpose of the present case is not to destroy the common school districts not parties to the suit, but to prevent the destruction of those districts which instituted the suit, and incidentally to maintain the status quo of those which were not parties. Had the other districts been parties they could only have done that which appellees sought to do. In that case they are protected fully by the action of the district judge. If, on the other hand, they desired to support the proposed action of the county school trustees, they were not necessary parties, since those districts which opposed the proposed change would nevertheless be entitled to maintain the suit under the allegations of their petition.

[3] It is next urged that the general demurrer should have been sustained for the reason that the legality of the acts of the county school trustees as such could only be reviewed in a proceeding by quo warranto by the state of some one by its authority upon information, which, it is claimed, was not done in this suit. In support of the foregoing it is asserted that petition for leave to file information in the nature of quo warranto was not filed by the county attorney, and hence such permission has not been granted, nor the information ordered filed. The record supports the claim. The suit as we have stated purports to be by the county attorney on the relation of the district trustees, taxpayers, and patrons of the schools complaining, and is an ordinary proceeding by petition to restrain certain proposed and threatened acts, and is signed by counsel, but not by the county attorney, and filed by the clerk as in ordinary cases. Hence it cannot be said that the necessary steps to constitute the proceeding one technically by quo warranto have been observed. Without determining the issue here raised, but proceeding on the assumption that the proceeding is not technically in compliance with the statute, we nevertheless conclude that it will not result in an abatement of the suit, but that the same can be maintained as an ordinary suit between the interested parties. It has been held that an office may be recovered from a usurper by the party entitled to it in an ordinary suit and without proceeding by an information in the nature of a quo warranto. McAllen v. Rhodes, 65 Tex. 348. In that case it was said that quo warranto was a proper proceeding to recover office, but that it had never—

"been held that this is the only remedy that may be pursued, nor does the statute contemplate that it should be. The sixth section declares that the remedy and mode of procedure therein prescribed shall be cumulative of any then existing. If, therefore, there was, previous to the passage of the act, any method of recovering an office withheld from the true owner by an intruder, that method may be still pursued, notwithstanding the act provides the remedy by quo warranto."

Incidentally our present quo warranto statute is the one the court was then construing. The court then proceeds obviously to hold that there were remedies prior to the act, one of which was an ordinary suit between the parties. From such holding it is clear, and we hold, that even though the present proceeding was in neither form nor substance a proceeding by quo warranto under the statute, it is nevertheless sufficient as an ordinary suit between the parties, and may be maintained as such. For if a suit to determine the right to an office may be determined between the parties by an ordinary suit, there is as much or more reason why this one may be, when it is considered that the interest of the state in the instant proceeding is certainly no greater than in one to recover an office, and that the state is as much a nominal party here as it is in the former, and is but little interested in either.

[4] It is next urged, in substance, that the general demurrer should have been sustained because the facts alleged in the petition were insufficient upon which to base the relief sought. Omitting formalities, the petition alleges, in substance, that Collin is a large county, approximately 30 miles square, and divided into 137 school districts, each with a school sufficient to accommodate all its patrons, and easily accessible to all; that the defendants are preparing to, and will, unless

enjoined, disestablish the existing districts, and by annexation and consolidation include them into 78 districts, appropriating the money of the existing districts for the benefit of the proposed new districts, all of which is being done without calling a meeting of the trustees of the existing districts, and without their knowledge or consent; that the result of the proposed action will, in most cases, cause the children to travel more than 2½ miles to reach the schools in the proposed new districts, and in many cases 5 to 7 miles, and to cross impassable swamps, streams, and bad roads, resulting in a practical denial of school privileges to the children in the appellees' districts; that such proposed acts are a gross abuse of the authority of the county school trustees and a fraud upon the rights of appellees, the patrons of the schools, and the taxpayers in the existing districts. Do the foregoing allegations of fact, if true, furnish a sufficient basis upon which to grant the relief sought? We conclude they do. In Minear's Case, supra, it was said:

"When the commissioners' court flagrantly abuses its discretion, with the result that districts which are not convenient to the scholastic population are created," a redistricting may be compelled.

If redistricting may be compelled on such facts, it may, of course, be in like manner prevented as is sought to be done in this case. In Jennings v. Carson, 184 S. W. 562, it was by analogy held that the relief here sought should have been granted upon a showing that the school children had to travel a distance of 7 miles, and when the streams were swollen were unable to attend at all. Under the foregoing authorities, we conclude that the allegations of the petition were sufficient.

[5] It is further urged that the general demurrer should have been sustained for the reason that the allegations of the petition fail to disclose that appellees had pursued the remedy provided by law in such cases. The issue thus presented is bottomed upon the provision of article 4510, Vernon's Sayles' Stats., conferring upon the superintendent of public instruction authority to hear and determine all appeals from rulings of subordinate school officers, and upon article 4509, Vernon's Sayles' Stats., permitting an appeal from the ruling of the superintendent of public instruction to the state board of education. This proposition has been recently decided adversely to the appellants in two cases. Jennings v. Carson, 184 S. W. 563; Clark v. Hallam, 187 S. W. 964. Those cases construe the recent act of the Legislature, cited supra, which amended, to some extent, the existing law, and hold in reference to the issue we are discussing, that the amended act (section 4a), which confers general supervisory control upon the district court over the acts of the county school trustees in "creating, changing and modifying

school districts," is not controlled by section 10 of the same act, which provides for appeals from the actions of the trustees, etc., to the state superintendent, and thence to state board of education, but that appeals from the action of the county school trustees may be made to the district court, the appeal provided by section 10 having reference purely to administrative and ministerial acts sought to be reviewed. We can add nothing to what has been said in those cases, and adopt the ruling there announced as our conclusions in this case.

[6, 7] By the second assignment of error it is contended that appellees' sworn petition, when considered in connection with appellants' sworn answer, fails to show sufficient basis for granting the relief the judge did grant, which is but to say that the evidence is insufficient to support the judgment. At another place in this opinion we have stated the substance of the facts alleged by appellees. The evidence adduced at trial fairly supports such allegations, and as a consequence sustains the judgment. In such cases we are without authority to disturb the judgment of the court, as we would in like manner be without authority to disturb the verdict of a jury.

[8, 9] By the fourth assignment it is urged that the petition was not properly sworn to. In such connection, article 4649, Vernon's Sayles' Stats., provides, in substance, that injunction shall not be granted unless the applicant shall verify his petition by affidavit taken before some officer authorized to administer oaths. The contention is that in compliance with the statute each of the joint applicants should have verified the application by his individual affidavit. The record does disclose that only one of the applicants did so. While we think that the issue here presented should have been raised in the trial court by exception (Thouvenin v. Helzle, 3 Tex. 57), which was not done, and that the failure to except is a waiver of the sufficiency of the affidavit, we also conclude, assuming the issue to be properly presented, that the contention is without merit. The construction sought to be placed upon the statute is too literal. By the current of opinion it is said of verifications in injunction proceedings that they should be so definite and positive as to support an indictment for perjury if untrue. The purpose of the affidavit is revealed by the rule stated, which is, that under the penalties of such an affidavit the court may assume that the facts alleged, and upon which the extraordinary writ is sought, are probably true. It is the character of the affidavit to be made rather than the number who shall subscribe to it, that is contemplated by the statute. We think any one cognizant of the facts could make the affidavit. So do we think that any one of several joint applicants could, on behalf of the others, make the affidavit. Such a conclusion is, in our opinion, more in consonance

with the purpose of the affidavit and the practical and convenient presentation of such applications.

In view of what we have said, and because the action of the district judge is supported by the pleading and evidence, it becomes our duty to affirm the judgment.

Affirmed.