**MAGEE v. PALM et al. (No. 6600.)**

(Court of Civil Appeals of Texas. San Antonio. June 22, 1921. Rehearing Denied July 2, 1921.)

1. Injunction ⬦122—Petition held properly verified.

Where officer before whom affidavit attached to petition for an injunction certified that plaintiff swore that the facts stated in the petition were true, and followed that with the certificate, "Sworn and subscribed to before me, this 30th day of March A. D. 1921," the petition was properly verified, although plaintiff's signature was prefixed to the affidavit instead of following the same.

2. Execution ⬦172(4)—Petition for injunction need not state in terms that injury will result.

A petition for an injunction restraining levy of an execution, showing that irreparable injury would result to the owner of the property by a sale under execution, was sufficient, though it did not state in terms that such injury would result.

3. Appeal and error ⬦190(2)—Sufficiency of bond must be raised in trial court.

That bond furnished on granting of temporary injunction under Rev. St. 1911, art. 4654, was insufficient in amount presented no ground for reversal of the judgment, where appellant did not assail the bond in the trial court.

⬦For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**4. Appeal and error ⊚⟶253—Objection to failure to properly verify petition waived by failing to except.**

Order of verification of a petition must be raised by exception in the trial court, and a failure to do so is a waiver of defect on appeal.

Appeal from Gonzales County Court; J. C. Romberg, Judge.

Suit by Melissa A. Palm and husband against J. C. Magee. From an order granting a temporary injunction, defendant appeals. Affirmed.

Cocke & Russell, of San Antonio, for appellant.

Carl & Swearingen, of San Antonio, for appellees.

FLY, C. J. This is a suit brought by Melissa A. Palm, joined by her husband, G. B. Palm, to restrain the levy of an execution, issued out of the county court of Gonzales county in which appellant was plaintiff and G. B. Palm was defendant, Melissa A. Palm not being a party to the suit, and the property about to be seized under execution being the separate property of Mrs. Palm. From the order of the court granting a temporary injunction this appeal has been perfected by appellant.

[1] The application is signed by Melissa A. Palm in propria persona, in fact she has signed it twice, describing herself in the first instance as plaintiff. It is reasonably deducible that the second signing was made with reference to the affidavit, the signature being prefixed to the affidavit, instead of following the same. The officer before whom the affidavit was taken certifies that Melissa A. Palm swore that the facts stated in the petition were true, and follows that with the certificate: "Sworn and subscribed to, before me, this 30th day of March A. D. 1921." The petition is properly verified. Kohn v. Washer, 69 Tex. 67, 6 S. W. 551, 5 Am. St. Rep. 28. As said by the court in the cited case:

"The statute provides that all affidavits 'shall be in writing and signed by the party making the same,'" but "as to the place of signature nothing is said."

In that case the signature of the affiant appeared below the signature of the notary public and his official designation. The name of Melissa A. Palm being signed to the petition, and the notary public having certified that she had subscribed her name and sworn to the same before him, the affidavit and verification were sufficient. As said in the similar case of Chancey v. Allison, 48 Tex. Civ. App. 441, 107 S. W. 605:

"The statute does not prescribe any form of affidavit to a petition for injunction, and when the petition, as in this case, is signed by the plaintiff, and there is appended thereto the jurat of a proper officer certifying that it was subscribed and sworn to before him, the verification is sufficient."

[2] The petition shows that irreparable injury would result to the owner of the property by a sale under execution, and it was not necessary to state in term that such injury would result. If it were necessary for the petition to show that the petitioners had no adequate legal remedy, the allegations indicate that fact.

[3] This proceeding was not the one contemplated in Rev. St. 1911, article 4650, to restrain the execution of a money judgment or the collection of a debt, but is merely to prevent the execution creditor from seizing property not belonging to the execution debtor. The allegations of the petition bring it within the scope of article 4654, where the amount of the bond is left to the discretion of the court. However, if the bond should have been double the $900 claim, that would present no ground for a reversal of this judgment. If appellant deemed the bond insufficent, he should have assailed it in the trial court, and the judge could have required another bond. Downes v. Monroe, 42 Tex. 307.

[4] No exceptions to the petition were filed in the trial court, on any ground, and it has been held that want of verification of a petition must be raised by exception in the trial court, and a failure to do so is a waiver of the defect. Thouvenin v. Helzle, 3 Tex. 57; Collin County Trustees v. Stiff, 190 S. W. 216.

The appeal is without merit, and the judgment is affirmed.

⊚⟶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes