## TURMAN v. STATE.
### No. 8442.

Court of Civil Appeals of Texas. San Antonio.
March 21, 1930.

Cal Estill, of Fort Worth, and Gaines, Gaines & Roberts, of San Antonio, for appellant.

Robert Lee Bobbitt and W. Dewey Lawrence, both of Austin, and R. A. Weinert, of Seguin, for the State.

FLY, C. J.

The state of Texas, acting through its Attorney General, Robert Lee Bobbitt, and R. A. Weinert, district attorney of the Twenty-Fifth judicial district, of which his residence, Guadalupe county, is a component part, at the instance of the Railroad Commission of Texas, instituted this suit against appellant, a resident of Tarrant county, to recover of him the sum of $1,000 for each and every day on which he has violated Rule No. 37, as provided in article 6036, Revised Civil Statutes 1925, as amended by the Forty-First Legislature in its regular session in 1929, c. 313, § 4, and to enjoin him from drilling operations for oil on his land in Guadalupe county. The court, without notice to appellant, granted a temporary writ of injunction, and this appeal is perfected from a refusal to dissolve said writ.

A general demurrer was sustained to the motion to dissolve, by which action the allegations in the motion were admitted to be true. In that motion it was alleged: "That, the application of the Railroad Commission of the State of Texas was signed by one W. P. Laughter and does not state what reason he signed said signed application and makes the affidavit attached thereto or by what author-ity he signed said affidavit attached to said application or what reason if any the said W. P. Laughter had for signing and swearing to said petition and that the same is void upon its face and is not proper in form."

The application for the injunction is sought to be verified, not by the Attorney General, his assistant, the district attorney, or any member of the Railroad Commission, but is sought to be verified by the following affidavit:

"State of Texas, County of Travis

"Before me, the undersigned authority, on this day personally appeared W. P. Laughter, well known to me to be a credible person, who after being duly sworn on oath deposes and says: That I have read the above and foregoing petition and swear that the allegations of fact therein stated are true and correct.
"W. P. Laughter.

"Subscribed and sworn to before me, this the 20th day of January, A. D. 1930. [Seal.] Olivia Arnett Smith, Notary Public, Travis County, Texas."

It is provided by article 4647, Revised Statutes of 1925: "No writ of injunction shall be granted unless the applicant therefor shall present his petition to the judge verified by his affidavit and containing a plain and intelligible statement of the grounds for such relief." The strict terms of the article would require the affidavit to be made by the applicant for the injunction, but it necessarily must be construed in connection with the general statute, as set out in article 24, Revised Statutes, as follows: "Whenever it may be necessary or proper for any party to a civil suit or proceeding to make an affidavit, it may be made by either the party or his agent or attorney." The law extends the authority to make the affidavit required no further, and the affidavit of a person not shown to be the principal, his agent or attorney, no matter how "credible a person" he may be, is null and void. This ruling is sustained by every Texas court that has passed upon the matter, and especially in a well-considered opinion written by Judge Anton Moursund, when a member of this court, in Hook v. Payne, 185 S. W. 1014, in which it was held: "In this case there is nothing in the petition or affidavit to show that the H. P. Sutherland, who made the affidavit, is the Sutherland who is a member of the firm of Pope & Sutherland, and, therefore, in view of the decisions above mentioned, we hold that the affidavit is not sufficient." The firm mentioned had signed the petition, but Sutherland in the affidavit did not describe himself as either the agent or attorney of the plaintiff. The decisions referred to are Willis v. Lyman, 22 Tex. 268, and Cherryhomes v. Carter, 66 Tex. 167, 18 S. W. 443. To the same effect is In-

662

terstate Amusement Co. v. Fred Fisher (Tex. Civ. App.) 263 S. W. 664.

Appellant had no notice of the application for or issuance of the temporary writ of injunction, and on his first appearance in the court he sought to dissolve the injunction; one of his grounds being that there was no affidavit to the application for the writ and that it was therefore null and void. If this had been his only ground, it was sufficient, and the temporary injunction should have been dissolved.

The order of the district judge granting the temporary injunction is reversed, and it is the judgment of this court that the injunction be dissolved, and the application for such temporary injunction be and is hereby refused.