### CITY OF GROVETON v. JOSSERAND.
### No. 9810.

Court of Civil Appeals of Texas. Galveston.

Feb. 29, 1932.

Phillips & Bell, of Trinity, for appellant.

Tom F. Coleman, of Lufkin, for appellee.

LANE, J.

On the 22d day of October, 1931, the city of Groveton, a municipal corporation, recovered a judgment against L. P. Josserand in the district court of Trinity county, Tex., for a certain sum alleged by the city to be due the city for taxes assessed and levied against lots 13, 14, and 15 in block 15 in the city, owned by Josserand, and for a foreclosure of the statutory tax lien on said lots. An execution and order of sale was issued under such judgment and placed in the hands of J. S. Evans, sheriff of Trinity county, for execution. On January 4, 1932, L. P. Josserand, in a lengthy petition, has set out various allegations attacking the validity of the above-mentioned judgment, praying for the issuance of a temporary injunction restraining the city of Groveton and Sheriff Evans from selling said lots 13, 14, and 15, in block 15 in the city of Groveton, under the above-mentioned execution and order of sale, and that on final hearing the judgment rendered against him be in all things vacated, set aside, and declared null and void, and that said injunction upon final hearing be made permanent.

On the petition of the plaintiff L. P. Josserand, the court ordered the issuance of a temporary injunction as prayed for to remain in force to await the further orders of the court.

From the judgment rendered the defendant city of Groveton has appealed, and for cause for a reversal of the judgment contends that the court erred in granting the temporary injunction alone upon the complaint and petition of the plaintiff Josserand, because said petition was not sworn to by plaintiff L. P. Josserand in person nor by any one acting as his agent or attorney or by any one purporting to so act, so far "as is shown by said petition, affidavit and the verification thereof."

We sustain appellant's contention. The petition upon which the temporary injunction was granted is signed by Tom F. Coleman, attorney for the plaintiff Josserand. The affidavit made to the petition is as follows:

"The facts in the foregoing petition are true and correct, except those allegations made on information and belief, and those I verily believe to be true.
"L. P. Josserand,
"Plaintiff, by John R. Collins.
"Subscribed and sworn to before me this the 4th day of January A. D. 1932.
"Mrs. W. R. Reese,
"Co. Clerk, Trinity County, Texas."

By article 4647, Revised Civil Statutes of 1925, it is provided as follows: "No writ of injunction shall be granted unless the applicant therefor shall present his petition to the judge verified by his affidavit and containing a plain and intelligible statement of the grounds for such relief."

By article 25 of said statute, it is provided: "All oaths and affirmations shall be administered in the mode most binding upon the conscience of the individual taking same and shall be subject to the pains and penalties of perjury."

It is evident that the petition of appellee is not verified as provided by either of the articles mentioned, and that it is insufficient to support the granting of the temporary injunction issued in this case.

■ The affidavit is also insufficient to support the temporary injunction, for this, it is made by John R. Collins in behalf of appellee Josserand. There is nothing in the record to show that John R. Collins had any authority to make such affidavit. In Cherryhomes v. Carter, 66 Tex. 166, 18 S. W. 443. it is held that when an affidavit is made in the course of a judicial proceeding by one person in behalf of another, his authority should be made to appear from the record.

In Turman v. State (Tex. Civ. App.) 26 S.W.(2d) 661, decision by the San Antonio court, it is held that an affidavit of a person not shown to be the applicant for injunction, his agent or attorney, is null and void. See Hook v. Payne (Tex. Civ. App.) 185 S. W. 1014; Willis v. Lyman, 22 Tex. 268.

For the reasons pointed out the judgment of the trial court is reversed, and judgment is here rendered for appellant, vacating and setting aside the temporary injunction granted by the trial court.

Reversed and rendered.