## KENYON et al. v. UNITED SALT CORPORATION.

### No. 10489.

Court of Civil Appeals of Texas. Galveston.

June 25, 1936.

Rehearing Denied July 16, 1936.

Bryan & Bryan, Guynes & Colgin, and Platt, West & Stevenson, all of Houston, for appellants.

150

Baker, Botts, Andrews & Wharton, of Houston, for appellee.

GRAVES, Justice.

This appeal is from an order of the trial court granting the appellee a temporary injunction against the appellants, running in material substance as follows: "* * * Enjoining them pending final hearing of this cause from demanding of the plaintiff the payment of any royalties claimed to come due from the plaintiff to the defendants, or any of them, either on June 1, 1936, or July 1, 1936, in excess of the monthly per ton royalties specified in the contract of January 9, 1928, between George Leland and the defendants Kenyon and Browne, relating to the salt produced from the salt mine operated by United Salt Corporation at Hockley, Texas, and further enjoining the defendants from declaring or attempting to declare any forfeiture of plaintiff's rights as assignee of said contract, pending final hearing of this cause."

The hearing in this court having been advanced pursuant to R.S. art. 4662, on the day set therefor the appellee, under motion number here of 10841, asked an original injunction of this court of like purport with that so granted it below; in reply thereto the appellants, under motion number here of 10849, filed their motion to strike and dismiss such application by appellee for a writ at the hands of this court; these two last-mentioned motions in this court—that is, Nos. 10841 and 10849—have been taken with and are now considered and determined as one consolidated cause in this court with the appeal from the quoted temporary injunction granted below.

Upon consideration of the briefs and arguments in the matter, this court has reached the conclusion that the trial court's order was not an abuse of a sound judicial discretion, and that it should be affirmed, thereby in effect preserving the status quo in this litigation until the appeal on the merits of the controversy between them, with reference to which the trial court's injunctive relief was granted, shall hereafter be reached for determination by this court.

In this connection it is thought that whatever technical defect there may have been in the appellee's application for the writ in the trial court, in its failure to state that Pincoffs was president of the appellee corporation, has been rendered harmless by the state of the record here, in that, not only was this not in any way objected to below, but the trial court's decree expressly recited that the cause "was submitted upon the sworn pleadings of the parties," and, further, in that the original application for a like writ here specifically supplies that information. City of Groveton v. Josserand (Tex.Civ.App.) 48 S.W.(2d) 382; Turman v. State (Tex.Civ.App.) 26 S.W.(2d) 661; 3 Texas Jurisprudence, 186; City of Arlington v. Dallas-Fort Worth Safety Coach Co. (Tex.Civ.App.) 270 S.W. 1094; Zanes v. Mercantile Bank & Trust Co. (Tex.Civ.App.) 49 S.W.(2d) 922; Collin County School Trustees v. Stiff (Tex.Civ.App.) 190 S.W. 216; Wilkinson v. Lyon (Tex.Civ.App.) 207 S.W. 638.

An affirmance will accordingly be entered.

Affirmed.