## HENRY SHULTE v. F. P. HOFFMAN.

Where there were objections to an award, on the ground of great injustice, and partiality or gross mistake, stating particulars of fact, and the entry of final judgment was to the effect, that the motion to set aside the award coming on to be heard, the same was overruled, and the Court proceeding to render judgment in accordance with the award, decreed &c., and there was no statement of facts nor bill of exceptions, this Court held that it did not appear from the record, that the objections were adjudged insufficient in point of law ; that if evidence was heard in support of the objections, it should have appeared in the form of a statement of facts ; and if the Court refused to hear evidence in support of the objections, it should have so appeared by bill of exceptions (or perhaps, by express statement in the entry overruling the objections.)

Where a cause has been referred to arbitrators, and objections are filed to the award, questions of fact involved in such objections are to be tried by the Court, and not by a jury.

Where objections are filed to an award of arbitrators under the Statute, it is not necessary for the opposite party to file an answer thereto.

There can be no doubt that it is competent for the Court to appoint a receiver in a proper case ; and the present appears to have been such. (It was a suit for the dissolution of a partnership.)

Where a receiver is appointed to carry into effect the decree of the Court, it behooves one party as much as the other, to see that the receiver is required to give bond ; and a failure to do so precludes objection on that account, on appeal.

Appeal from Harris. Tried below before the Hon. Peter W. Gray.

Suit by appellee against appellant for the dissolution of a partnership between them, in the business of a brewery. The petition alleged that the defendant had excluded the plaintiff from all participation in the business or its profits ; that defendant had failed to invest the amount which he had agreed to invest in said partnership business ; that the partnership was

largely in debt to plaintiff for advances of money made by him, over and above the amount he had agreed to invest ; that defendant was 'fraudulently appropriating the effects of the partnership to his own use ; that the partnership was in debt, and defendant failed to pay said debts ; and that by reason of total blindness plaintiff is unable to bestow upon the affairs and accounts of said partnership, that investigation and scrutiny which are necessary for the protection of his rights and interests, and in consequence is wholly powerless to protect himself from the fraudulent purposes and wrongful acts of the defendant in the premises ; wherefore the appointment of a receiver was prayed, &c., &c. Judge Gray ordered that a receiver be appointed and a writ of assistance be issued, upon plaintiff's giving bond in the sum of $2000 conditioned to pay defendant all damages he may sustain in case plaintiff fails in his suit ; and upon the receiver's giving bond in the sum of $500 for the faithful discharge of his duties. Bonds given accordingly.

The defendant answered, denying all the material allegations of the petition, except the fact of partnership.

Referred by agreement of the parties, to arbitrators. The arbitrators returned an award, stating the account between the parties, &c. Defendant filed objections to the award, alleging great injustice done him by the award, and partiality or gross mistake, stating particulars of fact, supported by his own affidavit. The entry of final judgment was to the effect, that the motion to set aside the award coming on to be heard, the same was overruled, and the Court proceeding to render judgment in accordance with the award, decreed that a receiver be appointed, (the former one having left the State,) to take possession of all the partnership property, and sell the same in the manner provided by law for execution sales, and collect all the claims due said partnership, out of which he should first retain five per cent. for his commissions, and the balance pay first to the debts of the partnership, which ware specified, and the balance to the partners *pro rata* upon the capital stock which

each had put in, which was ascertained by the award and de-decree, and if any excess after paying to each the full amount of the capital stock paid in by him, then to pay such excess in equal parts to plaintiff and defendant. The costs to be paid in equal parts by both parties, and to be retained, &c.

There was no bill of exceptions, nor statement of facts. Appeal by defendant.

*C. B. Sabin,* for appellant. That the motion to set aside the award should have been sustained, see Payne v. Metz, 14 Tex. R. 56.

The mistake alleged in the petition or motion was a mistake of fact, and before the motion could be disposed of, the opposite party should have been compelled to answer it and proof should have been introduced to sustain or controvert it, and the party complaining could not be deprived of all relief without an examination into its correctness. His petition or motion verified by affidavit setting forth the causes of mistake, was sufficient to entitle him to have the award inquired into, and the opposite party " should have made an issue upon the " averments in the petition, and should he not have been able " to controvert and repel the charges made in the petition, and " they should have been established by proof, the award should " have been set aside, and the Court should have proceeded to " make such further orders and final disposition respecting the " matters in controversy, as would have comported with the " rights of the parties, as they were presented, and the equity " of the case." (See case above cited ; also, Story's Equity, Sec. 1456.)

Again ; the appellant contends that the appointment of a receiver, after final judgment, was erroneous, and especially without a bond.

*J. W. Henderson,* also, for appellant.

*A. N. Jordan,* for appellee. There being no statement of facts, it does not appear what evidence the appellant offered in support of his motion to set aside. (Gilliard v. Chesney, 13 Tex. R. 337 ; Henderson v. Trimble, 8 Id. 174.)

The position taken by appellant's counsel that the appellee should have been required to respond in the Court below to the allegations in his motion to set aside the award, is not worthy of serious consideration, as it does not appear that by reason of his failure to do so, appellant was prevented from introducing evidence in support of his motion. There is no rule of practice which required the plaintiff in the Court below to answer or controvert the allegation in the motion, it being in the nature of a motion for a new trial after the verdict of a jury.

The Court below did not err in naming a receiver to execute the decree. (Brightwell's Eq. Sec. 615, *et seq.*) But even if the Court below erred in appointing a receiver after judgment, or as a portion of the final decree, that is no ground for the reversal of the judgment by this Court. There can be no doubt of the power of this Court to reform the judgment of the Court below in that respect.

*Tompkins & Thompson,* also, for appellee.

WHEELER, J. It does not appear that the appellant offered evidence in support of his motion to set aside the award. In Payne v. Metz, (14 Tex. R.) the Court received evidence which was of a character to fix upon the award the evident impress of partiality or misconduct on the part of the arbitrators. If the Court had excluded the evidence on the ground that the allegations of the petition impeaching and seeking to set aside the award were only supported by the affidavit of the party, the decision might have been different. To set aside an award there must be something more than the party's own affidavit

that the arbitrators did not give due weight and consideration to the evidence before them.  (Forshey v. Railroad Company, 16 Tex. R. 516.)

There can be no doubt that it is competent for the Court to appoint a receiver in a proper case ; and the present appears to have been such.  If he was not required to give bond, it was doubtless the fault of the defendant in not asking it.

There is no error in the judgment, and it is affirmed.

Judgment affirmed.