## J. A. MAYES v. A. C. WOODALL, ADMINISTRATOR, ETC.

1. A party holding a claim against another has no right to come in and defend that other's lawsuit, merely on the ground that if the suit results against the defendant it will so impoverish him that he cannot pay the claim. This principle, however, will be modified to prevent fraudulent combinations between debtors and third parties, to defeat *bona fide* creditors.

2. A stranger to a judgment cannot enjoin it because of alleged error in its rendition, nor have it reopened in order to afford him an opportunity of showing error. See the opinion for the character of case which will authorize a stranger to maintain an injunction against a judgment rendered in a suit between other parties.

APPEAL from Walker. Tried below before the Hon. J. R. Burnett.

The appellant's bill was dismissed on demurrer by the court below,—his preliminary injunction having previously been dissolved on the filing of the appellee's answer, denying the allegations of the plaintiff. This appeal is the result.

*J. H. Banton* and *James A. Baker*, for the appellant.

*Randolph & McKinney*, for the appellee.

WALKER, J.—This case is very analogous to that of Shackleford's Administrator v. ———, decided at the present term ; at least the appellant seeks to do that which we hold was improperly done in that case.

A party who holds a claim against another has no right to come in and defend that other's lawsuit, simply upon the ground that if the suit should go against him, it will reduce him to insolvency: Thus, A. sues B.; B. is indebted to C.; and C., concluding that if A. should prevail against B., that B. will not be able to pay C. his

debt, defends the suit. This principle, however, may be modified to prevent any fraudulent combination between A. and B. to defeat the *bona fide* creditors of B. The appellant in this case, James A. Mayes, presented his petition to the district judge, in vacation, seeking to revise and enjoin a certain judgment rendered in a suit to which he was neither party nor privy, on the ground of alleged error; in other words, he sought by his petition to reopen the former judgment, and allow him to intervene for the purpose of pointing out errors. Had he properly shown to the court a *bona fide* interest in the matter previously litigated, and that he was damaged or prejudiced in his rights by a judgment obtained through fraud or negligence, on the part of the defendant, undue influence, or any other matter which would have entitled the defendant to a new trial, he would have shown ground for the equitable interference of the court; but we do not think the petition shows any cause for relief. "It is a well settled rule that only parties to the record, their heirs, executors and administrators, who were privies in representation, and those who were privies in title, such as devisees and remaindermen, can come in to impeach a judgment in this manner." (See Story's Equity Pleading, 409; Rotzein v. Cox *et al.*, 22 Texas, 62.)

Had the appellant been a party to the original suit, it is very doubtful whether he could have established any facts entitling him to relief; the petition is vague, uncertain, and not supported by affidavits. He certainly occupies no better position than the original defendant; indeed, he could occupy no better, if entitled to any standing in the case whatever, on his own showing.

There must be an end, somewhere, to litigation; sometime or other the rule *res judicata* must apply.

(See Gross v. McLaren, 17 Texas, 115; Caperton v. Wanslow, 18 Texas, 132.)

We perceive no error in the judgment or proceedings of the district court, and the same are affirmed.

AFFIRMED.