ENGLISH et al. v. KERMIT TOWNSITE
CO. et al.
No. 4010.

Court of Civil Appeals of Texas. Texarkana.
April 16, 1931.

Rehearing Denied April 23, 1931.

**900**

J. Lee Zumwalt and O. L. Wolf, both of Dallas, for appellants.

Allen & Allen and Coke & Coke, all of Dallas, for appellees.

LEVY, J. (after stating the case as above).

The question on appeal is simply that of whether or not in the particular record there was error in denying the immediate appointment of a receiver and in not continuing the preliminary injunction in force until the final trial of the case on the merits. The preliminary injunction issued by the trial judge, as it appears, was directed to the "Kermit Townsite Company" commanding it "to desist and refrain from selling any properties under the deed of trust, and from transferring any of its assets to the First National Bank of Dallas or any other person, until the further order of the district court of the 68th Judicial District, to be holden at 10:00 o'clock A. M., Monday, September 8, 1930." The language of the fiat reasonably shows that the judge intended to have the preliminary injunction to operate and be in force, not for and until such time as the case should be finally tried and disposed of, but for and until the fixed time only of "Monday, September 8, 1930," the date of appearance for a further hearing of the application. In this view of the effect of the preliminary order of the judge, then the order was purely provisional in its nature, and expired on September 8, 1930, since there was no further hearing had or order of continuance of such provisional injunction on that date. Ex parte Zuccaro, 106 Tex. 197, 163 S. W. 579, Ann. Cas. 1917B, 121; Riggins v. Thompson, 96 Tex. 154, 71 S. W. 14. The application to dissolve the injunction was not filed until September 25, 1930, and the order of dissolution was not made until October 25, 1930. As a legal consequence, the order of October 25th in terms directing the dissolution of such preliminary injunction was a vain act, for such previous order of the judge had already expired on September 8, 1930.

Assuming, though, that the plaintiffs' reply to the defendants' motion for dissolution should be taken and regarded in the nature of either an application at that date for a preliminary injunction or in the renewal and continuation of the terms of the same provisional order, it nevertheless seems, in the examination of the record, that the appellate court would not be warranted in holding that the trial judge was not justified, and erred, in refusing to direct a restraining order in advance of the final trial of the case on the merits. In looking to the petition and fairly construing it, the plaintiffs, as a remedy for the alleged condition of affairs, wanted a receiver to be appointed to take charge of and administer the affairs and assets of the Townsite Corporation, and they prayed to have such receiver "immediately appointed." As an incident or aid to the "immediate" appointment of the receiver, the plaintiffs further prayed that an injunction be granted. The temporary injunction was sought contemporaneous with the "immediate" appointment of a receiver in the purpose merely to relieve against impediments that would otherwise apparently operate to render the immediate appointment of a receiver ineffectual or incomplete. The appointment of a receiver being refused, as was done by the trial judge, in advance of a final trial of the case, a temporary restraining order, intended merely as an incident or adjunct to the relief of appointment of a receiver, was properly denied. Leary v. Coal & Wood Co. (Tex. Civ. App.) 185 S. W. 665. It would have been manifestly improper to have restrained the company and its officers from carrying on the business of the corporation and thus leave it without any management either by its officers or receiver. And, moreover, in taking the view that the prayer of the plaintiffs' petition asked for the distinctive relief of injunction, aside from the appointment of a receiver, merely to hold the properties and assets of the corporation in statu quo, there is lacking certainty that such prayer of the petition, fairly construed, specifically asked for a temporary injunction. A temporary injunction will not be granted, unless specifically prayed for. Boyd v. Dudgeon (Tex. Civ. App.) 192 S. W. 262; Hoskins v. Cauble (Tex. Civ. App.) 198 S. W. 629.

The refusal to appoint a receiver is not the subject-matter of review. No appeal lies from an interlocutory order denying appointment of a receiver. Swearingen v. Swearingen (Tex. Civ. App.) 165 S. W. 16; Tipton et al. v. Rwy. Postal Clerks Inv. Ass'n et al. (Tex. Civ. App.) 173 S. W. 562; article 2250, R. S.

The judgment of the trial judge is affirmed.