## CHAPMAN v. DE BOGORY et al.
### No. 12036.

Court of Civil Appeals of Texas. Dallas.
May 18, 1935.

Rehearing Denied June 15, 1935.

Pollard & Lawrence and Tom L. Beauchamp, all of Tyler, for relators.

Eugene De Bogory, of Dallas, and Slay & Simon and H. J. Zimmerman, all of Fort Worth, for respondents.

448

LOONEY, Justice.

This is an original proceeding by E. L. Chapman, S. J. Taylor and E. L. Evans, relators, complaining of Eugene De Bogory, trustee, Claude Morgan, George W. Harwood, clerk of the district court, Dallas county, Tex., and E. R. Tennant, receiver in the cause No. 89814—B, styled Atkins et al. v. Joiner, pending in the Forty-fourth district court of Dallas county, respondents.

. The controversy arose as follows: On September 22, 1934, we affirmed a judgment of the district court in favor of relators against Morgan and De Bogory, trustee, in a contest over the ownership of the proceeds arising from the sale by Tennant, receiver, of a 40-acre oil and gas lease on lands in Rusk county.

The case took the usual course of a motion for rehearing, overruled an application to the Supreme Court for writ of error, dismissed for want of jurisdiction, and the issuance of a mandate by this court. De Bogory et al. v. Chapman et al. (Tex. Civ. App.) 75 S.W.(2d) 186.

On March 13, 1935, subsequent to the finality of the judgment, Morgan and De Bogory, trustee, filed a suit in the Ninety-fifth district court, Dallas county, against these relators and E. R. Tennant, receiver, to set aside the judgment and relitigate the matter, on the ground of fraud, alleged as follows: That "Said judgments (referring to the judgments rendered in the trial and appellate courts) were procured through fraud, with reference to material facts, and the proceedings to obtain said judgments were violative of the Federal Constitution of the United States, in that, they were not obtained by due process of law."

Relators contend that the suit is groundless and an attempt by respondents to circumvent the judgment and deprive relators of benefits to which they are entitled thereunder. Mr. Tennant, receiver, states his willingness to pay funds in his hands as receiver to the person or persons entitled to same, as authorized and directed by the Forty-fourth district court, where the receivership suit is pending.

■ The allegations of fraud, upon which respondents seek to overturn the judgment and relitigate the matter, are of a most general nature and, in our opinion, wholly insufficient. 20 Tex. Jur..134, § 90; Nash v. Hanover Fire Ins. Co. (Tex. Civ. App.) 79 S.W.(2d) 182.

In their answer, however, respondents Morgan and De Bogory, trustee, request that they be permitted to file in the trial court an amended pleading alleging more fully the grounds relied upon to set aside the judgment, and, in this connection, they attached to their answer Exhibit A, setting forth, as they say, the "grounds for a bill of review and the setting aside of judgments heretofore rendered and entered against respondents, Eugene De Bogory and Claude Morgan," to become a part of the proposed amended pleading.

Without assenting to the proposition that such a procedure is permissible, we have nevertheless carefully read the exhibit, and conclude that the grounds for review, therein stated, are insufficient. The proposed amendment is a lengthy rehearsal of the case, complaining of error committed; the fraud alleged being as follows: That "Some one, acting for and in behalf of the said Chapman, Evans and Taylor, brought into the case extrinsic matter of a material nature, and misled the trial court into bringing into his judgment the fact that Joinder had withdrawn the $4,000.00 out of the Overton Bank escrow money and had appropriated said funds, thereby ratifying his contract of sale with said Chapman, Evans and Taylor, but said conduct and act of the said Chapman, Evans and Taylor, through some person unknown to these respondents, was a fraud upon the court, and was a fraud against these respondents; was with reference to a material matter, and was calculated to injure these respondents, and did injure these respondents; and that said fraud was not discovered by these respondents until sometime after the judgment was rendered, through no fault of theirs."

■ These allegations are as general, indefinite, and inconclusive as the allegations of the petition heretofore recited; however, if sufficient in other respects to state a cause of action for review, respondents failed to show that, at the time the fraud alleged to have influenced the trial judge was first ascertained, it was too late to set the same up in a motion for a new trial; in other words, respondents do not excuse their failure to pursue a plain, adequate legal remedy. This they were required to do before resorting to equity to have the judgment set aside. See State Trust & Savings Bank v. Ferguson Seed Farms, Inc. (Tex. Civ. App.) 80 S.W. (2d) 417, and authorities cited.

■ Our conclusion is that the suit is an unjustified attack upon the validity of the judgment of this court, that its further prosecution will delay and frustrate the enforcement of the judgment and deprive relators of benefits to which they are entitled. In this situation we deem it our duty to prohibit, by appropriate process, a continuation of the attack, and to remove all impediments that stand in the way of the enforcement of the judgment. Browning-Ferris, etc., Co. v. Thomson (Tex. Civ. App.) 55 S.W.(2d) 168; Maxwell's Unknown .Heirs v. Bolding (Tex. Civ. App.) 57 S.W.(2d) 874, and authorities cited. Therefore the clerk will issue writs enjoining respondents, Morgan, De Bogory, trustee, and their agents and attorneys, from the further prosecution of said suit, and enjoining George W. Harwood, district clerk, from issuing, or permitting the issuance of, other or additional process in said cause, and in harmony with his answer E. R. Tennant, receiver, is directed, as between respondents Morgan and De Bogory, trustee, and relators, to disburse the funds in his hands, as authorized and directed by the Forty-fourth district court, in which the receivership suit is pending.

The injunctive relief sought by relators is granted.