### ROGERS RANCH CO., Inc., v. DARWIN et ux.
### No. 9934.

Court of Civil Appeals of Texas. San Antonio.

Jan. 15, 1936.

C. Stanley Banks, of San Antonio, for appellant.

Fritz C. Sorrell, of Pearsall, for appellees.

SMITH, Chief Justice.

On December 2, 1935, the district court of Zavalla county granted what amounted to a temporary injunction, restraining, for a period of five months and nine days, the sale, by a trustee under power of a deed of trust, of certain lands situated in Frio and Zavalla counties, and belonging to William Darwin. Rogers Ranch Company, Inc., holder of the notes secured by said deed of trust, has appealed.

The injunction was granted ex parte, and without notice or bond, upon the deposit by the plaintiff of $100 with the clerk of the court. As grounds for the relief prayed for and granted, it was alleged in the petition for injunction that appellees owed appellant an amount of money not disclosed in the petition; that the debt was secured by deed of trust upon said land, the validity of which was not questioned in the pleading; that tentative negotiations between appellant's attorney and appellees, looking to a settlement of the debt and discharge of the lien, had failed; and, finally, that plaintiff, if unhampered and granted a short time, estimated at ninety days, could pay the balance due on the secured debt and save the property. There was no intimation in the petition that the debt was not due and just, or that the deed of trust was for any reason invalid, or that the trustee therein named was not authorized to make the threatened sale at the time advertised. The plea has become a familiar one in these troublous times, and appeals strongly to the desire of all normal persons, including trial and appellate judges, .to render aid to petitioners who are threatened with the loss of their property.

But, nevertheless, the courts are powerless to set aside, or impair, or write anew, contracts solemnly and legally entered into between citizens, and can only enforce them as written and agreed to by the parties to them.

Under repeated decisions of the courts, the petition in this case stated no ground for injunctive relief, leaving to this court no alternative but to reverse the judgment appealed from and dissolve the injunction. Lincoln Nat. Life Ins. Co. v. Freudenstein (Tex.Civ.App.) 87 S.W.(2d)

810, and authorities there cited; Dunlap v. Rotge (Tex.Civ.App.) 85 S.W.(2d) 650.

It should be added that an injunction of this character cannot properly issue except upon a bond specifically prescribed by statute (article 4649, R.S.1925), and a deposit of money with the clerk of the issuing court will not suffice, for obvious reasons, for the statutory requirement.

The judgment is reversed, and the injunction dissolved.